IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Domernic L. Caldwell, #288242, | ) |
|                 Petitioner, | ) C/A No. 0:08-3116-CMC-PJG |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden, McCormick Correctional Institution, | ) |
|                 Respondent. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 20). The petitioner, Domernic L. Caldwell ("Caldwell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 22.) Caldwell filed two requests for extensions of time (Docket Entries 25, 29), which were both granted (Docket Entries 26, 30), before filing a response in opposition to respondent's motion. (Docket Entry 33.) The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Caldwell was indicted in September 2002 in York County for possession of a firearm during commission of a violent crime (02-GS-46-2534), two counts of armed robbery (02-GS-46-2532) (02-GS-46-2533), burglary in the first degree (02-GS-46-2527), and criminal conspiracy (02-GS-46-2528). (See App. at 30-39, Docket Entry 21-8 at 32-41.) Caldwell was represented by Vicery

Meetze, Esquire, and on October 24, 2002, pled guilty pursuant to a negotiated plea agreement to two counts of armed robbery, burglary in the second degree, possession of a firearm during commission of a violent crime, and criminal conspiracy, with the State recommending that he receive no more than twenty years' imprisonment.[1]  (App. at 1-21, Docket Entry 21-8 at 3-23.)  The court sentenced Caldwell to twenty years' imprisonment for each count of armed robbery, fifteen years' imprisonment for burglary in the second degree, five years' imprisonment for possession of a firearm, and five years' imprisonment for criminal conspiracy, with all sentences to be served concurrently.  (App. at 19-20, Docket Entry 21-8 at 21-22.)  Counsel filed a motion for reconsideration of the sentence on Caldwell's behalf, which was denied at a hearing held on April 29, 2003.  (App. at 22- 29, Docket Entry 21-8 at 24-31.)

Caldwell timely filed a direct appeal.  On appeal, Caldwell was represented by Robert M. Pachak, Assistant Appellate Defender.  On December 4, 2003, Pachak filed an Anders[2] brief and a petition to be relieved as counsel, in which he raised the following issue:

> Whether appellant's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(Docket Entry 21-2 at 4.)  The South Carolina Court of Appeals dismissed the appeal after Anders review.  (State v. Caldwell, 2004-UP-292 (S.C. Ct. App. May 5, 2004), Docket Entry 21-3.)

---

[1] In return for the guilty plea, the State agreed to allow Caldwell to plead guilty to the lesser included offense of burglary in the second degree (a non-violent offense) and to *nolle pros* three additional counts of armed robbery and an additional count of criminal conspiracy.  (App. at 2-3, Docket Entry 21-8 at 4-5.)

[2] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

Caldwell did not seek rehearing before the Court of Appeals, nor certiorari with the South Carolina Supreme Court. The remittitur was issued by the Court of Appeals on June 7, 2004. (Docket Entry 21-4.)

On January 11, 2005, Caldwell filed an application for post-conviction relief ("PCR"). (See Caldwell v. State of South Carolina, 05-CP-46-071, App. at 40, Docket Entry 21-8 at 42.) Caldwell raised the following issues in his PCR application:

1. Ineffective Assistance of Counsel: Counsel rushed me to court/lied to me to get me to plead guilty

2. Dis[pro]portion[a]lity in Sentencing: Co-Defendants got less time for same charges

3. Ren[eg]ed on plea barg[a]in: Promised that everybody would receive same plea 0-20 cap.

(App. at 42, Docket Entry 21-8 at 44.) The State filed a Return on June 15, 2005. (App. at 47, Docket Entry 21-8 at 49.)

On May 18, 2006, the PCR court held an evidentiary hearing at which Caldwell was represented by John Aberman, Esquire. (App. at 54-67, Docket Entry 21-8 at 56-69.) The PCR judge denied Caldwell's PCR application by order filed May 19, 2006. (App. at 68-72, Docket Entry 21-8 at 70-74.)

Caldwell timely filed a notice of appeal with the South Carolina Supreme Court and was again represented by Robert M. Pachak, Esquire. On November 2, 2006, counsel filed a Johnson[3]

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

> Whether plea counsel was ineffective in petitioner being mislead [sic] as to the plea deals offered to his co-conspirators?

(Docket Entry 21-5 at 3.)

On September 19, 2007, the South Carolina Supreme Court denied the petition for a writ of certiorari. (Docket Entry 21-6.) The remittitur was issued on October 5, 2007. (Docket Entry 21-7.)

In Caldwell's petition for a writ of habeas corpus filed in this court, he raises the following claim:

> **Ground One:** Made a promise that was not kept. I was told all of us would re[cei]ve same plea.
> **Support Facts:** See Post-Conviction Relief Hearing Transcript - Direct examination of Vick Meetze page 62 lines 19 thru 25 page 63 lines 1-25. Also I sent in Amendment to Post Conviction and lawyer did not file it and it would have helped my case.

(See Pet., Docket Entry 1 at 5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.      Respondent's Motion for Summary Judgment**

The respondents argue that Caldwell's petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Caldwell's conviction became final at the conclusion of his direct appeal when the remittitur was issued by the South Carolina Court of Appeals on June 7, 2004. See Rules 203(b)(2), 221, & 226, SCACR.

Caldwell argues that the expiration of the time for seeking review did not occur until ninety days after the final ruling on his direct appeal. In support of this argument, he relies on Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), which provides that a conviction becomes final ninety days after the final ruling of the South Carolina Supreme Court because, during this time period, a petitioner may seek review by the United States Supreme Court. Id. at 328 n.1. However, Caldwell could not seek review by the United States Supreme Court in this case because he did not seek direct appeal review beyond the South Carolina Court of Appeals. See Rule 226, SCACR (requiring a petitioner to file a petition for writ of certiorari within thirty days "after the petition for rehearing or reinstatement is finally decided by the Court of Appeals"), U.S. Sup. Ct. R. 13 (providing that a petition for a writ of certiorari is timely filed when it is filed within ninety days after entry of the

judgment by a state court *of last resort*). Accordingly, the limitations period expired one year after the South Carolina Court of Appeals issued the remittitur, which would be June 7, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244).

Caldwell filed a state PCR application on January 11, 2005. At that point, 218 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until no later than October 5, 2007, when the South Carolina Supreme Court issued the remittitur from its order denying certiorari review on the PCR order of dismissal.[4] At this time, Caldwell had 147 days of statutory time remaining, which means that Caldwell had until February 29, 2008 to file a timely federal habeas petition.

Caldwell's petition was filed on August 29, 2008. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the initial petition, 329 days of non-tolled time had run from the final denial of the state PCR action. Adding the 218 days that accrued between the date his conviction became final and the filing of the PCR application results in a total of 547 days of non-tolled time. Accordingly, Caldwell filed his federal habeas application approximately 182 days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

---

[4]Caldwell again argues that the tolling of his limitations period should include the ninety-day time period during which he may seek review by the United States Supreme Court. However, section "2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Caldwell's petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 20) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 19, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).